*EXHIBIT A*

# EXHIBIT A

### LIST OF ATTORNEYS/PARTIES

1.    Daniel P. Barton
dbarton@bartonlawgroup.com
Wayne D. Collins
wcollins@bartonlawgroup.com
THE BARTON LAW FIRM
1201 Shephard Drive
Houston, Texas 77007
(713) 227-4747 – Telephone
(713) 621-5900 – Facsimile
*Attorneys for Plaintiff*

2.    Dale M. "Rett" Holidy
rholidy@germer.com
James A. Tatem, III
jtatem@germer.com
GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
*Attorneys for Defendant*

### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### SANDRA FORBES, GILLERMO MUSSO, WILLIAM COLLINS AND
### ABRAHAM AGUIRRE VS. STATE FARM LLOYDS

(a)    Plaintiff's Original Petition
(b)    Return Citation for State Farm
(c)    Defendant State Farm Lloyds' Original Answer
(d)    Docket Sheet

# *EXHIBIT A*

## *2019-68601 / Court: 055*

9/20/2019 4:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37006488
By: Carolina Salgado
Filed: 9/20/2019 4:49 PM

### CAUSE NO. _____

| | |
|---|---|
| **SANDRA FORBES, GILLERMO MUSSO,** § | **IN THE DISTRICT COURT OF** |
| **WILLIAM COLLINS and ABRAHAM** § | |
| **AGUIRRE** § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| **v.** § | |
| § | **HARRIS COUNTY, TEXAS** |
| **STATE FARM LLOYDS** § | |
| § | |
| *Defendant.* § | **__ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

SANDRA FORBES ("FORBES"), GILLERMO MUSSO ("MUSSO"), WILLIAM COLLINS ("COLLINS"), ABRAHAM AGUIRRE ("ACQUIRE") (Collectively "Plaintiffs"), complains of STATE FARM LLOYDS and (Defendant) and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.    Plaintiff(s) reside in Harris County, Texas.

3.    Defendant State Farm Lloyds (State Farm) is an insurance company engaging in the business of insurance in Texas. This defendant may be served with process through its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. The Clerk is requested to issue Citations, immediately.

# *EXHIBIT A*

## III.
## JURISDICTION

4.      Plaintiffs seek monetary relief over $1,000,000, excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiffs contend that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

5.      The court has jurisdiction over Defendant State Farm because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

6.      Venue is proper in Harris County County, Texas, because the insured Properties giving rise to this cause of action is situated in Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

7.      Defendants have been provided notice, in writing, of the Claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

8.      All conditions precedent necessary to maintain this action and the Claims under the Policy have been performed, occurred, or have been waived by Defendants; and/or Defendants are otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

9.      Plaintiffs are owners of certain real Properties with improvement (including Plaintiffs' homes):

# *EXHIBIT A*

a.      SANDRA FORBES, 3910 LOCHMIRE LN., HOUSTON, TX 77039;

b.      GILLERMO MUSSO, 1507 DAVON LN., HOUSTON, TX 77058

c.      WILLIAM COLLINS, 6202 STAR LAKE HUMBLE, TX 77396; and

d.      ABRAHAM AGUIRRE 6330 FRENCH CHATEAU HOUSTON TX 77088.

(the "Properties"). The Properties was insured by insurance policy number issued by Defendant

State Farm (the "Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

10.      On or about during the time of Hurricane Harvey, or another time when the Policy was in

effect, a severe storm caused substantial damage to the Properties and constituted a covered loss

under the Policy. After the loss, Plaintiff made a Claims and demand for payment on Defendant

State Farm for damages to the Properties and other damages covered by the terms of the Policy

(the "Claims"). After Plaintiff made the Claims, Defendant State Farm assigned or otherwise

retained its employees and/or agents Defendant Adjustors to work on Plaintiff's Claims. All

Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling

Plaintiff's Claims. Further, Defendant State Farm has refused to pay all amounts due and owing

under the Policy for the Claims.

11.      Defendant Adjustors made numerous errors in estimating the value of Plaintiff's Claims,

all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff.

Defendant Adjustors failed to fully quantify Plaintiff's damages, thus demonstrating that this

defendant did not conduct a thorough investigation of Plaintiff's Claims. Defendant conducted a

substandard investigation of Plaintiff's Claims, evidenced by the estimate issued by Defendant

Adjustors and relied upon by Defendant Adjustors. The damage estimate failed to include all

damages to Plaintiff's Properties. The damages Defendant Adjustors included in the estimate were

grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the

---

## *EXHIBIT A*

damages sustained. Defendants failed to thoroughly review and properly supervise the adjustment of the Claims, including the inspection of the Properties, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's Claims. Further, Defendant Adjustors knowingly and intentionally overlooked damages at the Properties and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's Claims. Because of Defendant Adjustor's conduct, Plaintiff's Claims was underpaid and partially-denied.

12.     Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant State Farm refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Properties and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Defendant State Farm's conduct constitutes a breach of the contract between Defendant State Farm and Plaintiff.

13.     All Defendants misrepresented to Plaintiff that much of the damage to the Properties was not covered under the Policy, even though the damage was covered by the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

14.     All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claims, when State Farm's liability was reasonably clear. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

15.     All Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, All Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire

# *EXHIBIT A*

loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's Claims. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

16.    All Defendants failed to affirm or deny coverage of Plaintiff's Claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire Claims, in writing from Defendants. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

17.    All Defendants refused to fully compensate Plaintiff for the Claims without conducting a reasonable investigation of the Claims. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's Claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claims. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

18.    Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's Claims, beginning an investigation of Plaintiff's Claims and requesting all information reasonably necessary to investigate Plaintiff's Claims within the statutorily mandated time of receiving notice of Plaintiff's Claims. Defendant State Farm's conduct constitutes a violation of TEX.INS.CODE §542.055.

19.    Defendant State Farm failed to accept or deny Plaintiff's full and entire Claims within the statutorily mandated time of receiving all necessary information. Defendant State Farm's conduct constitutes a violation of TEX.INS.CODE §542.056.

20.    Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of Claims without delay. Specifically, Defendant State Farm has delayed full payment of Plaintiff's Claims longer than allowed and, to date, Plaintiff has not yet received full

# *EXHIBIT A*

payment for Plaintiff's Claims. Defendant State Farm's conduct constitutes a violation of TEX.INS.CODE §541.058.

21.     From and after the time Plaintiff's Claims was presented to Defendant State Farm, the liability of Defendant State Farm to pay the full Claims in accordance with the terms of the Policy was reasonably clear. However, Defendant State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

22.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

23.     Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT STATE FARM

24.     Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A.     Breach of Contract.

25.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant State Farm. Defendant State Farm breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant State Farm's breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the

# EXHIBIT A

Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

**B.  Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

26.     The conduct, acts, and/or omissions by Defendant State Farm constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

27.     Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

28.     Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claims, even though Defendant State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

29.     Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

30.     Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claims to Plaintiff or to submit a reservation of

# *EXHIBIT A*

rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

31.     Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's Claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

32.     Defendant State Farm's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant State Farm refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### C.     Prompt Payment Of Claims Violations.

33.     The Claims is a Claims under an insurance policy with Defendant State Farm of which Plaintiff gave Defendant State Farm proper notice. Defendant State Farm is liable for the Claims. Defendant State Farm violated the prompt payment of Claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claims, commence investigation of the Claims, and/or request from Plaintiff all items, statements, and forms that Defendant State Farm reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

   b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claims within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

   c) Delaying payment of the Claims following Defendant State Farm's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

34.     Defendant State Farm's violations of these prompt payment of Claims provisions of the

---

# EXHIBIT A

Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D.     Breach Of The Duty Of Good Faith And Fair Dealing.

35.     Defendant State Farm breached the common law duty of good faith and fair dealing owed
to Plaintiff by denying or delaying payment on the Claims when Defendant State Farm knew or
should have known that its liability to Plaintiff was reasonably clear.  Defendant State Farm's
conduct proximately caused Plaintiff injuries and damages.

## VIII.
## CAUSES OF ACTION AGAINST
## DEFENDANT ADJUSTORS

36.     Defendant Adjustors is an insurance adjuster that was assigned or otherwise engaged by
Adjustors to adjust the Claims.

### A.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

37.     The conduct, acts, and/or omissions by Defendant Adjustors, while adjusting the Claims
constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations
under this article are made actionable by TEX.INS.CODE §541.151.

38.     Defendant Adjustors is individually liable for unfair and deceptive acts, irrespective of the
fact this Defendant was acting on behalf of Defendant Adjustors, because Defendant Adjustors is
a "person" as defined by TEX.INS.CODE §541.002(2).  The term "person" is defined as "any
individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds
plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including
an agent, broker, *adjuster* or life and health insurance counselor."  TEX.INS.CODE §541.002(2)
(emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966
S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the

## *EXHIBIT A*

purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

39.      The unfair settlement practices of Defendant Adjustors, as described above, in misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

40.      The unfair settlement practices of Defendant Adjustors, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claims, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

41.      The unfair settlement practices of Defendant Adjustors, as described above, in failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's Claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(3).

42.      The unfair settlement practices of Defendant Adjustors as described above, in failing within a reasonable time to affirm or deny coverage of the Claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(4).

43.      The unfair settlement practices of Defendant Adjustors, as described above, in refusing to pay Plaintiff's Claims without conducting a reasonable investigation, constitutes an unfair method

---

# *EXHIBIT A*

of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

44.     The unfair settlement practices of Defendant Adjustors, as described above, compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.  Defendant Adjustors refused to even offer more than their own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE §542.003(5).

## IX.
## KNOWLEDGE

45.     Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## X.
## DAMAGES

46.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

47.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's Claims, together with attorney fees.

48.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages.  TEX.INS.CODE §541.152.

# *EXHIBIT A*

49.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's Claims, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's Claims as damages, together with attorney's fees.   TEX.INS.CODE §542.060.

50.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

51.     For the prosecution and collection of this Claims, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.
## JURY DEMAND

52.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XII.
## REQUEST FOR DISCLOSURE

53.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## XIII.
## PRAYER

54.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and

# *EXHIBIT A*

interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE BARTON LAW FIRM**

By: */s/ Wayne D. Collins*
 DANIEL P. BARTON
 State Bar No.: 00789774
 dbarton@bartonlawgroup.com
 WAYNE D. COLLLINS
 State Bar No. 00796384
 wcollin@bartonlawgroup.com
 1201 Shepherd Drive
 Houston, Texas 77007
 (713) 227-4747- Telephone
 (713) 621-5900- Fax
 Email for Service: eservice@bartonlawgroup.com

10/3/2019 10:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37349209
By: Lewis John-Miller
Filed: 10/3/2019 10:51 AM

*EXHIBIT A*

CAUSE NO. 201968601

RECEIPT NO.                    0.00    CIV
            *********          TR # 73675661

PLAINTIFF: FORBES, SANDRA                 In The   55th
              vs.                         Judicial District Court
DEFENDANT: STATE FARM LLOYDS              of Harris County, Texas
                                          55TH DISTRICT COURT
                                          Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY
    211  EAST 7TH STREET SUITE 620  AUSTIN  TX  78701
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 20th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 24th day of September, 2019, under my hand and
seal of said Court.

Issued at request of:              [seal: DISTRICT COURT OF HARRIS COUNTY TEXAS]    [signature] Marilyn Burgess
COLLINS, WAYNE DONALD                         MARILYN BURGESS, District Clerk
1201 SHEPHERD DRIVE                           Harris County, Texas
HOUSTON, TX  77007                            201 Caroline, Houston, Texas 77002
Tel: (713) 227-4747                           (P.O. Box 4651, Houston, Texas 77210)
Bar No.: 796384                               Generated By: SALGADO, CAROLINA  G17//11335269

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 10:50 o'clock A.M., on the 1st day of OCTOBER , 2019 .

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, _____.

**AFFIDAVIT ATTACHED**

FEE: $ _____

                                          _____ of _____ County, Texas

_____           By _____
        Affiant                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                          _____
                                              Notary Public

N.INT.CITR.P                    *73675661*

IN THE 55TH JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

*EXHIBIT 1*

### CAUSE NO: 201968601

SANDRA FORBES, ET AL
VS
STATE FARM LLOYDS

# RETURN

Came to my hand:   __10/1/2019__ , at   __10:50__   o'clock  __A.M.__  , the following
specified documents:

- Citation
- Plaintiff's Original Petition
- Jury Demand
- Request for Disclosure

and executed by me on:   __10 / 1 / 2019__ , at   __12:58__ o'clock  __PM__  , at

__211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS, by
delivering to STATE FARM LLOYDS, by delivering to its registered agent,
CORPORATION SERVICE COMPANY, by delivering to__ _ALEX ENTREKIN_          ,
employee/managing agent, in person, a true copy of the above specified documents
having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I
declare under penalty of perjury that the foregoing is true and correct.

_Kelly Marski_

Authorized Person: _Kelly Marski, PSC 5912_
Expiration Date: _10 / 31 / 2020_

STATE OF TEXAS   }

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known
to me to be the person whose name is subscribed to the foregoing document and, being by me first duly
sworn, declared that the statements and facts therein contained are within his/her personal knowledge
and experience to be true and correct.  Given under my hand and seal of office on this the _1ST_ day of
_____October_____, 2019

_[signature]_

Notary Public

DANA L. MCMICHAEL
Notary Public, State of Texas
Comm. Expires 04-23-2020
Notary ID 4733578

10/17/2019 5:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37758242
By: Justin Fitzgerald
Filed: 10/17/2019 5:16 PM

*EXHIBIT A*

### CAUSE NO. 2019-68601

| | | |
|---|---|---|
| SANDRA FORBES, GILLERMO MUSSO, | § | IN THE DISTRICT COURT |
| WILLIAM COLLINS AND ABRAHAM | § | |
| AGUIRRE | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 55TH JUDICIAL DISTRICT |

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-entitled and numbered cause, and files its Original Answer to the allegations contained in Plaintiffs' Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### GENERAL DENIAL

1. State Farm generally denies all of the material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, State Farm would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2. **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

## *EXHIBIT A*

**3.**      **Payment.**  State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiffs under the Policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit.

**4.**      **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

**5.**      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

**6.**      **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiffs have failed to satisfy the conditions of the Policy requiring Plaintiffs to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2.      **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.      give immediate notice to us or our agent…

b.      protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

* * * * *

d.      as often as we reasonably require:

(1)      exhibit the damaged property;

(2)      provide us with records and documents we request and permit us to make copies

(3)      submit to and subscribe, while not in the presence of any other insured:

(a) statements; and

(b) examinations under oath….

# EXHIBIT A

7.     **Pre-Existing Damages.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, pre-existed the alleged occurrence of wind, hail, or wind-driven rain.

8.     **Normal Wear and Tear.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

## SECTION I – LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

\* \* \* \* \*

g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

\* \* \* \* \*

i.  mold, fungus or wet or dry rot….

l.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings.

3.     We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1.and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

b.  defect, weakness, inadequacy, fault or unsoundness in:

(2)  design, specifications, workmanship, construction, grading, compaction;

(3)  materials used in construction or repair; or

(4)  maintenance;

c.  weather conditions.

## EXHIBIT A

9.      **Flood, Surface Water or Neglect.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by flood, surface water or neglect. The policy states:

### SECTION I – LOSSES NOT INSURED

2.      We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs…

\* \* \* \* \*

c.  **Water Damage**, meaning:
  (1)   Flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

  (2)   water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area…

  (3)   water the below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or

  (4)   material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

\* \* \* \* \*

d.  **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

# *EXHIBIT A*

10.    **Personal Property.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were not proximately caused, in whole or in part, by a wind or hail created opening in the roof or a wall.  The policy states:

### COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:

  d.    **Windstorm or hail**. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

### SECTION I - LOSSES NOT INSURED

  2.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces…

11.    **Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

12.    **No Waiver.**  Plaintiffs' claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision

## EXHIBIT A

of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

13.     **Cap on Punitive Damages.**   Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

14.     **Written Notice of Claim.**   Defendant specifically denies that Plaintiffs provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiffs, they are barred from recovering under Chapter 542 of the Texas Insurance Code. Defendant also specifically denies that the Policy obligated State Farm to inform Plaintiffs that written notice of the claim was required, and Defendant specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

15.     **Chapter 542A.**   Defendant asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

### III.
### <u>RIGHT TO AMEND</u>

16.     State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

*EXHIBIT A*

**IV.**
**JURY DEMAND**

**17.**     State Farm demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS,
respectfully requests that upon final trial and hearing hereof, that Plaintiffs take nothing and that
Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant
may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on
all counsel of record on this 17th day of October, 2019.

Daniel P. Barton                           **VIA E-SERVICE**
Wayne D. Collins
The Barton Law Firm
1201 Shephard Drive
Houston, Texas 77007
dbarton@bartonlawgroup.com
wcollins@bartonlawgroup.com

_____

**DALE M. "RETT" HOLIDY**

# *EXHIBIT A*

## Envelope ID :37758242

## Case Number : 201968601

## Case Type

| | |
|---|---|
| **Jurisdiction :** Harris County - 55th Civil District Court | **Case Category :** Civil - Contract |
| **Case Type :** Insurance | **Filer Type :** Attorney |
| **Payment Account:** File & ServeXpress CC | **Attorney :** James Tatem |
| **Case Number:** 201968601 | |
| **Client Matter ID:** 99829 | **Date Filed:** 10/17/2019 05:16:39 PM |

## Parties     6

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| | Registered Agent | STATE FARM LLOYDS BY S ERVING ITS REGISTERED A GENT NA | |
| ☑ | Defendant / Respondent | STATE FARM LLOYDS NA | |
| | Plaintiff / Petitioner / Old Nam e | AGUIRRE ABRAHAM | |
| | Plaintiff / Petitioner / Old Nam e | COLLINS WILLIAM | |
| | Plaintiff / Petitioner / Old Nam e | MUSSO GILLERMO | |
| | Plaintiff / Petitioner / Old Nam e | FORBES SANDRA | |

## *EXHIBIT A*

## Documents

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|
| **Accepted** ( 10/18/2019 ) | Answer/Response/Waiver (Lead Document) **Note to Clerk:** | Defendant's Original Answer | FORBES-Answer SFL.pdf | | FORBES-Answer SFL.pdf | | Answer to Original Petition | Defendant's Original Answer | $0.00 |

**Responsible for Filing Fees :** STATE FARM LLOYDS NA

**Send Accepted Notifications To:**

## Service Contact 9

| e-Serve | Name | Email Address | Public | Attached To | Status | Date Opened |
|---|---|---|---|---|---|---|
| No | Adrian Lira | adrianl@proactivelegal.com | Yes | | | Unopened |
| No | Amber Zayas | azayas@germer.com | No | STATE FARM LLOYDS NA | | Unopened |
| No | Christine Hernandez | chernandez@germer.com | No | STATE FARM LLOYDS NA | | Unopened |
| No | Cynthia Wallace | cwallace@germer.com | No | STATE FARM LLOYDS NA | | Unopened |
| No | Dale Marett Holidy | rholidy@germer.com | Yes | STATE FARM LLOYDS NA | | Unopened |
| Yes | Daniel Barton | dbarton@bartonlawgroup.com | Yes | | Sent | Unopened |
| No | Erika Lopez | elopez@germer.com | No | STATE FARM LLOYDS NA | | Unopened |
| No | James Alexander Tatem | jtatem@germer.com | Yes | STATE FARM LLOYDS NA | | Unopened |
| Yes | Wayne Donald Collins | wcollins@bartonlawgroup.com | Yes | | Sent | 10/17/2019 5:24:07 PM |

# *EXHIBIT A*

## Fees Calculation

| Allowance Charge Reason | Amount |
|---|---|
| Total Provider Tax Fees($) | $0.18 |
| Total Provider Service Fees($) | $2.24 |
| Total Court Service Fees($) | $0.00 |
| Total Service Tax Fees($) | $0.00 |
| Total Filing & Service Fees($) | $0.00 |
| Total Court Filing Fees($) | $0.00 |
| Total Court Party Fees($) | $0.00 |
| Total Court Case Fees($) | $0.00 |
| Convenience Fee($) | $0.07 |
| **Total Fees($)** | **$2.49** |

**HCDistrictclerk.com**  FORBES, SANDRA vs. STATE FARM LLOYDS  10/30/2019
Cause: 201968601 *EXHIBIT A* Div: 7   Court: 055

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 87669783 | Defendant State Farm Lloyds' Original Answer | | 10/17/2019 | 7 |
| 87429500 | Citation Return State Farm Lloyds | | 10/03/2019 | 2 |
| 87328609 | Civil Process Pick-Up Form | | 09/24/2019 | 1 |
| 87239492 | Plaintiff's Original Petition | | 09/20/2019 | 13 |
| | Plaintiff's Original Petition | | 09/20/2019 | |
| -> 87239493 | Civil Process Request Form | | 09/20/2019 | 1 |
| | Civil Process Request Form | | 09/20/2019 | |
| 87239492 | Plaintiff's Original Petition | | 09/20/2019 | 13 |
| -> 87239493 | Civil Process Request Form | | 09/20/2019 | 1 |